IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cesar Ramirez Ramirez,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-14-00196-PHX-PGR (BSB)<br><br>**REPORT AND RECOMMENDATION** |

Cesar Ramirez Ramirez (Petitioner), through counsel, has filed an Amended Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, challenging his 2007 conviction in the Maricopa County Superior Court (superior court). (Doc. 7.) Respondents assert that the Petition should be dismissed as untimely under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), which provides the statute of limitations applicable to state prisoners seeking federal habeas corpus relief. (Doc. 12.) Alternatively, Respondents argue that Ground Two does not state a cognizable claim (*Id.* at 11), and that habeas corpus review of Petitioner's claims is procedurally barred. (*Id.* at 12.) Petitioner has not filed a reply in support of his Petition and the time to do so has passed. For the reasons below, the Court recommends that the Petition be denied.

**I. Factual and Procedural Background**

  **A. Guilty Plea and Sentencing**

On August 8, 2008, Petitioner pleaded guilty to manslaughter, a class two dangerous felony. (Doc. 12, Exs. D, E.) On November 14, 2008, the superior court

sentenced Petitioner to an aggravated term of eighteen years' imprisonment. (Doc. 12, Ex. G.)

### B.  First Post-Conviction Proceeding

On October 9, 2012, Petitioner filed a notice of post-conviction relief in the superior court pursuant to Arizona Rule of Criminal Procedure 32. (Doc. 12, Ex. I.) Petitioner acknowledged that his notice was untimely, but argued that the court should consider it because newly discovered facts existed that would probably have changed the verdict or sentence, and that the failure to file a timely notice of post-conviction relief was not his fault. (*Id*.) On October 15, 2012, the court dismissed the notice of post-conviction relief as untimely because it was due no later than February 14, 2009, and Petitioner failed to state a claim for which relief could be granted in an untimely or successive Rule 32 proceeding.[1] (Doc. 12, Ex. J.)

On November 8, 2012, Petitioner filed a motion for rehearing in the superior court, arguing that the court had erred in its determination of the facts and applicable law. (Doc. 12 at 3 n.4, Ex. K.) On November 13, 2012, the court denied Petitioner's motion. (Doc. 12, Ex. L.) It held that, although Petitioner had elaborated upon his claims that his constitutional rights were violated, his "arguments [were] still untimely under Rule 32.4(a)." (*Id.*) Petitioner did not petition for review in the Arizona Court of Appeals. (Doc. 12, Ex. A.)

### C.  Second Post-Conviction Proceeding

On August 8, 2013, Petitioner filed a second notice of post-conviction relief. (Doc. 12, Ex. M.) Petitioner again argued that newly discovered material facts probably would have changed the verdict or sentence, and that his failure to file a timely notice of post-conviction relief was not his fault. (*Id.* at 3.)

On August 15, 2013, the court dismissed Petitioner's second notice of post-conviction relief, finding that it both untimely and successive. (Doc. 12, Ex. N.) The

---

[1] Rule 32.4 provides that "[a]ny notice not timely filed may only raise claims pursuant to 32.1(d), (e), (f), (g) or (h)." Ariz. R. Crim. P. 32.4.

court found that Petitioner was not entitled to relief under Rule 32.1(f) because his notice was not "of right." (*Id.*) The court found that, pursuant to Rule 32.4(a), Petitioner failed to state a claim for which relief could be granted in an untimely or successive Rule 32 proceeding. (*Id.*)

Petitioner filed a notice of appeal in the Arizona Court of Appeals on August 30, 2013, and a petition for review on September 16, 2013. (Doc. 12, Exs. O, P.) Petitioner argued that the superior court erred in denying relief without giving him an opportunity to file a petition summarizing the newly discovered material facts and claims that he asserted in his notice of post-conviction relief. (Doc. 12, Ex. P.) He further argued that the superior court "mistook the core" of the issues he raised in his notice. (*Id.*) Finally, he argued that his petition should be granted because the mitigating circumstances outweighed the aggravating circumstances, and he did not understand his attorney due to the language barrier and, therefore, could not give consent to enter a guilty plea. (*Id.*) The Arizona Court of Appeals has not ruled on the petition in this matter.[2] (Doc. 12, Ex. Q.)

### D. The Federal Petition for Writ of Habeas Corpus

On February 3, 2014, Petitioner filed a petition for writ of habeas corpus in this Court. (Doc. 1.) Finding it illegible, the Court dismissed the petition without prejudice and granted Petitioner leave to amend. (Doc. 6.) On June 19, 2014, Petitioner filed the pending Amended Petition. (Doc. 7.) Petitioner asserts that: (1) he received ineffective assistance of counsel in violation of the Sixth Amendment and the Arizona Constitution because counsel did not object to his excessive sentence or preserve that issue for review; (2) his rights under the Eighth and Fourteenth Amendments were violated by sentencing error; (3) his rights under the Fifth Amendment and Section Two of the Arizona Constitution were violated when his attorney failed to raise a claim or object during

---

[2] Although Petitioner's petition for review from the denial of his second post-conviction proceeding is pending in the Arizona Court of Appeals, a stay of these proceedings is unnecessary because exhaustion of any claims in that proceeding cannot toll any time or reset the expired statute of limitations as discussed in Sections II.A and II.B.

1 Petitioner's sentencing; and (4) "[a]ny other violations under the United States
2 Constitution and the Arizona Constitution." (Doc. 7.) The Court dismissed Ground Four
3 on September 30, 2014. (Doc. 9.) Respondents assert that the Amended Petition should
4 be dismissed as untimely. (Doc. 12.)

**II.     Statute of Limitations**

The AEDPA provides a one-year statute of limitations for state prisoners to file petitions for writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1). That period generally commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Respondents assert that the Amended Petition is untimely because it was not filed within one year of the date on which Petitioner's challenged conviction "became final by the conclusion of direct review," 28 U.S.C. § 2244(d)(1), and because he has not established a basis for tolling the limitations period. As set forth below, the Court agrees and finds the Amended Petition untimely.

**A.     Commencement of the Limitations Period**

To assess the timeliness of the Amended Petition, the Court must first determine the date on which Petitioner's conviction became "final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). By pleading guilty, Petitioner was precluded from pursuing a direct appeal in the Arizona Court of Appeals. *See* Ariz. Rev. Stat. §13-4033(B). Rather, Petitioner could seek review of his conviction and sentence in an "of-right" proceeding pursuant to Rule 32, the functional equivalent of a direct appeal. *See* Ariz. R. Crim. P. 32.1 and 32.4; *Summers v. Schriro*, 481 F.3d 710, 715-16 (9th Cir. 2007) (noting that Arizona courts consider Rule 32 of-right proceedings a form of direct review).

The superior court sentenced Petitioner on November 14, 2008. Therefore, his notice of post-conviction relief to commence his Rule 32 "of-right" proceeding was due ninety days later, on February 14, 2009. *See* Ariz. R. Crim. P. 32.1, 32.4(a) ("In a Rule 32 of-right proceeding, the notice must be filed within ninety days after the entry of

1  judgment and sentence or within thirty days after the issuance of the final order or
2  mandate by the appellate court in the petitioner's first petition for post-conviction relief
3  proceeding."). Because Petitioner did not file a timely notice of post-conviction relief,
4  his conviction became final on February 14, 2009, upon "the expiration of the time for
5  seeking [post-conviction] review." *See Summers*, 481 F.3d at 711, 716-17; (Doc. 12,
6  Ex. J (stating that Petitioner's notice of post-conviction relief was due no later than
7  February 14, 2009).) Accordingly, the AEDPA statute of limitations began to run the
8  next day and expired one year later, on February 16, 2010. Thus, the Amended Petition
9  filed more than three years later, is untimely absent statutory or equitable tolling.[3]

### B.   Statutory Tolling

Pursuant to the AEDPA, the one-year limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir. 1999) (stating that an application for collateral review is pending in State court for "all the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state remedies with regard to particular post-conviction proceedings.").

After the limitations period had expired, Petitioner commenced post-conviction proceedings on October 9, 2012 and August 8, 2013. Because the AEDPA statute of limitations had expired by the time Petitioner commenced both post-conviction actions, they did not toll the limitations period. Once the AEDPA limitations period expires, a subsequently filed petition for post-conviction relief cannot restart the statute of limitations. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). "Section 2244(d)(2) cannot 'revive' the limitation[ ] period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitation[ ] period is expired,

---

[3] For purposes of the statute of limitations analysis, the Court assumes that the Amended Petition was filed as of February 3, 2014, the date the original Petition was filed. (Doc. 1.)

1  collateral petitions can no longer serve to avoid a statute of limitation[ ].'" *Johnson v.*
2  *Galaza*, 2001 WL 125312, at *1 (N.D. Cal. Feb. 7, 2001) (quoting *Rashid v. Kuhlmann*,
3  991 F. Supp. 254, 259 (S.D.N.Y. 1998) (modifications in original)).

4  Additionally, even if the AEDPA limitations period had not yet expired, the notices of post-conviction relief would not have tolled the limitations period because, as discussed in Sections I.B and I.C, they were untimely and thus not properly filed. *See* 28 U.S.C. § 2244(d)(2) (stating that "[t]he time during which a *properly filed* application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection") (emphasis added); s*ee also Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("An application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."); *Pace v. Diguglielmo*, 544 U.S. 408, 414-17 (2005) (holding that time limits are filing requirement and stating that, when a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)). Accordingly, statutory tolling does not render the Amended Petition timely and the Court considers whether equitable tolling applies.

### C. Equitable Tolling

The AEDPA limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2560 (2010). However, a petitioner is entitled to equitable tolling only if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 130 S. Ct. at 2565 (internal citations and quotations omitted). Whether to apply the doctrine of equitable tolling "'is highly fact-dependent,' and [the petitioner] 'bears the burden of showing that equitable tolling is appropriate.'" *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005) (internal citations omitted). "When considering whether to apply equitable tolling, the Supreme Court has emphasized the

need for 'flexibility' and for 'avoiding mechanical rules.'" *Nedds v. Calderon*, 678 F.3d 777, 780 (9th Cir. 2012) (quoting *Holland*, 130 S. Ct. at 2563).

Petitioner does not assert any basis for the application of equitable tolling.[4] (Doc. 7.) Additionally, the record does not reveal any extraordinary circumstance that prevented Petitioner from filing a timely federal habeas corpus petition. Petitioner's lack of familiarity with the law and lack of legal assistance do not constitute extraordinary circumstances sufficient to toll the limitations period. *See Ballesteros v. Schriro*, 2007 WL 666927, at *5 (D. Ariz. Feb. 26, 2007) (a petitioner's *pro se* status, ignorance of the law, lack of representation during the applicable filing period, and temporary incapacity do not constitute extraordinary circumstances).

Because Petitioner has not presented any circumstance that would justify equitably tolling the AEDPA statute of limitations, his Amended Petition should be denied as untimely and the Court will not consider Respondents' alternative grounds for denying habeas corpus relief.

### III. Conclusion

Because Petitioner filed the pending Amended Petition for Writ of Habeas Corpus after the expiration of the statute of limitations and statutory and equitable tolling do not render the Petition timely, it should be dismissed as untimely.

Accordingly,

---

[4] In the Amended Petition, Petitioner argues that he did not file an appeal to the Arizona Court of Appeals challenging the denial of his petition for post-conviction relief because he did understand English and did not know what to do after he received the "notice" from the court. (Doc. 7 at 5.) This argument does not address Petitioner's failure to file a timely § 2254 petition. However, even liberally construing this statement as an argument that equitable tolling should apply because Petitioner did not understand English, that argument fails. Assuming Petitioner does not understand (speak, read, or write) English, he is not entitled to equitable tolling because he has not established that he engaged in reasonably diligent efforts throughout the time the limitations period was running as required by *Pace*. Petitioner has not alleged or shown that he made a diligent effort to file his petition, or to obtain help from a bilingual individual to help him file his petition. *See Ramirez v. California*, 2009 WL 6431926, at *7 (C.D. Cal. Nov. 25, 2009) (requiring non-English-speaking petitioner seeking equitable tolling to demonstrate "diligent efforts" in getting translation assistance); *Ramsey v. Pacholke*, 556 F.3d 1008, 1013 (9th Cir. 2009) (holding that a petitioner "bears the burden of showing his own diligence" to prevail on equitable tolling argument).

**IT IS RECOMMENDED** that Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 7) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave to proceed *in forma pauperis* on appeal be denied because dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 5th day of February, 2015.

_____
Bridget S. Bade
United States Magistrate Judge